UNITED STATES of America, Appellee,

v.

Joseph Samuel SERIAN, a/k/a Joseph
Seriani, d/b/a USA Lens,
Inc., Appellant.

No. 89–1832.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1989.

Decided Jan. 16, 1990.

Mary Elizabeth Ott, Clayton, Mo., for appellant.

Frederick J. Dana, St. Louis, Mo., for appellee.

Before BOWMAN and BEAM, Circuit Judges, and ROSS, Senior Circuit Judge.

BEAM, Circuit Judge.

On May 25, 1988, a twenty-four count indictment was filed against Joseph Samuel Serian, a/k/a Joseph Seriani, d/b/a USA Lens, Inc. On March 29, 1989, a jury convicted Serian on twenty counts of the indictment, including mail fraud in violation of 18 U.S.C. §§ 2 and 1341 (1982); wire fraud in violation of 18 U.S.C. §§ 2 and 1343 (1982); fraud of financial institutions in violation of 18 U.S.C. § 2 and § 1344(a)(2) (Supp. V 1987); and delivery of misbranded devices in violation of 18 U.S.C. § 2 and 21 U.S.C. § 331(a) (1982). The district court[1] sentenced Serian to five years in prison, ordered restitution in the amount of $1,185.84, and imposed a special assessment of $1,000. Serian appeals his conviction. We affirm.

## I. BACKGROUND

In March of 1984, Serian founded USA Lens, a mail order contact lens business. Serian was the president and chief executive officer of USA Lens. He placed advertisements in national magazines such as Playgirl, Mademoiselle and Cosmopolitan which stated that a customer could order a nationally advertised brand of contact lenses for a lower than market price. USA Lens promised that most of the lenses would be shipped within twenty-four to forty-eight hours of receiving an order. USA Lens also established a toll free telephone number to receive orders from all over the United States. Serian created merchant agreements with several banks in order to process MasterCard and Visa credit card orders. Through these agreements, Serian could write out tickets to reflect the credit

card charges, and deposit the tickets to receive credit in the USA Lens bank account.

USA Lens had difficulty procuring enough contact lenses from manufacturers and suppliers to meet its orders. Back orders became a constant problem. Serian sent letters to frustrated customers and promised to ship their lenses "the next day." Serian, however, could not and did not fill all of these orders. Serian began sending lenses with prescriptions which were different than those ordered by the customers. Serian would not send the brand name lenses requested by the customer, but would ship substitute lenses of different manufacturers. Rather than providing contact lenses that were factory fresh in their original sealed and sterile vials, Serian would remove the lenses from their vials and ship them in plastic cases so that customers would not know the actual prescription or the brand name of the lenses that they received.

Customers began to cancel their orders. Serian advertised that USA Lens would refund the purchase price of the lenses if customers did not receive their lenses within thirty days of the purchase date, or if their lenses were unsatisfactory and returned within thirty days. Serian failed to make the refunds despite numerous requests.

When a credit card transaction was canceled or reversed, the cancelation created a chargeback to the banks who issued credit to USA Lens. The banks would then deduct the chargeback from the account of USA Lens. Despite the frequency of chargebacks to the USA Lens account, Serian continued to process credit card orders until the banks refused to continue their banking relationships with USA Lens. Customers continued to request refunds, and the banks eventually wrote off over $100,000 in chargebacks.

Serian moved the office of USA Lens from St. Louis, Missouri, to Ft. Lauderdale,

---

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

Florida. From this new location, Serian continued to advertise in national publications. During trial, evidence was introduced that Serian had been affiliated with similar corporations in Ohio, West Virginia, and Missouri.

On appeal, Serian argues: (1) that he was denied due process of law when the district court denied his motion in limine and admitted evidence of prior similar acts; (2) that the government failed to demonstrate Serian's specific intent to engage in fraudulent conduct or the existence of a scheme to defraud; and (3) that he was denied due process of law when the district court denied his motion to sever counts in the indictment because the jury was unable to compartmentalize the evidence against Serian as an individual and against USA Lens.

## II. DISCUSSION

### A. Prior similar acts

At trial, the district court admitted into evidence government exhibits numbered 430, 431, 432, 433, and 434. Government exhibit 430 was a segment of a West Virginia court order which stated, in part, that "Dr. Serian created a corporation and thereafter advertised the sale of contact lenses on a nationwide basis at discount prices and then participated in the receipt and handling of approximately $300,000 without sending the lenses to a great majority of those who sent money to Dr. Serian's corporation." Trial Transcript, vol. 3, at 575. Government exhibit 431 was a 1983 consent agreement between Serian and the Ohio State Board of Optometry which stated, in part, that Serian "obtained a fee by misrepresentation in the advertising of free eye exams and then ... charged for the copies of prescriptions and failed to render other advertised services to patients." *Id.* at 575–76. Government exhib-

it 432 was a 1983 Preliminary Injunction Order from the Court of Common Pleas in Franklin County, Ohio, in which Serian agreed, in part, not to accept money for eye wear and then allow eight weeks to elapse without shipping the order or refunding the money. *See Id.* at 576–78. Government exhibit 433 was a 1985 "Agreement Containing Consent Order to Cease and Desist" in which Serian agreed to fill orders with the proper prescription, furnish lenses that were sealed in their original vials, and refund money when requested. *See id.* at 579–83. Government exhibit 434 was a 1986 written consent decree between the State of Missouri and Serian in which Serian was permanently enjoined from representing that lenses had been back ordered unless they were ordered, and from misrepresenting brands of contact lenses, promised delivery dates and refund dates. *See id.* at 584–85.

■ Serian argues that the district court's admission of the prior acts evidence violated Federal Rule of Evidence 404(b), which provides:

*(b) Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The district court conducted a hearing on the admissibility of each of these exhibits before admitting them. *See* Trial Transcript, vol. 2, at 363–70. The district court gave a limiting instruction to the jury.[2] Accordingly, we do not find that the evidence submitted by the government proved the character of Serian "in order to show action in conformity therewith." Rather, the exhibits were properly admitted to aid

---

2. The jury instruction was as follows:

Ladies and gentlemen of the jury, I am going to allow into evidence certain evidence concerning certain board orders and consent decrees and orders involving the defendant, Dr. Serian. This evidence is admitted for the jury's consideration, that is, for your consideration on the question of the defendant's mo-

tive, intent, plan or lack of plan and knowledge concerning the fraudulent scheme or plan that's alleged in this case. This evidence is not being admitted as substantive evidence on the question of the defendant's guilt or innocence of the specific charges in the indictment in this case.

Trial Transcript, vol. 3, at 574.

the jury when it considered whether Serian had a motive, a plan, or the intent to scheme against and defraud consumers as alleged in this case.

### B. Motion for judgment of acquittal

Serian argues that the government's evidence at trial failed to demonstrate the existence of mail fraud, wire fraud, or fraud of a financial institution. Serian asserts that the evidence merely proved that he employed poor and failed business practices. Thus, the district court deprived Serian of his right to due process of law by overruling his motion for judgment of acquittal.

In reviewing the denial of a motion for judgment of acquittal, the court of appeals must view the evidence in the light most favorable to the government. The court also must give the government the benefit of all reasonable inferences that logically can be drawn from the evidence. *See United States v. DeLuna,* 763 F.2d 897, 924 (8th Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985).

The record is replete with testimony and evidence of Serian's use of the mail, the telephone, and several financial institutions in his effort to secure orders from customers. Serian misrepresented the type of product that USA Lens would provide, when the orders would be shipped, and when the refunds would be made. We find that in giving the government the benefit of all reasonable inferences that can be drawn from the evidence, the government proved its case of mail, telephone, and bank fraud. Accordingly, the district court properly denied Serian's motion for judgment of acquittal.

### C. Motion to sever

Serian argues that the district court erred in failing to sever the offenses pertaining to Serian as an individual from the offenses pertaining to USA Lens as a corporation. Serian asserts that Federal Rule of Criminal Procedure 14 governs this case. Rule 14 provides, in relevant part, that:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

In this case, we find that Rule 14 is not applicable because Serian was the only defendant. Serian cannot be prejudiced by the joinder of defendants because USA Lens was not charged as a separate defendant. Rather, Serian was charged with all the offenses, and the indictment caption merely identified him as "Joseph S. Serian, a/k/a Joseph Seriani, d/b/a USA Lens, Inc." Also, Serian's argument that he was prejudiced by joinder of offenses is without merit.

On the issue of severance, the court of appeals should give the trial court considerable discretion in deciding whether or not severance is warranted. *See United States v. Reeves,* 674 F.2d 739, 744 (8th Cir.1982). In this case, the trial court denied Serian's motion to sever. Accordingly, we defer to the trial court's decision.

## III. CONCLUSION

For the reasons set forth above, we affirm the conviction and sentence of Serian.