48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America Appellee,
v.
Caroline POLLNOW, a/k/a Caroline Gay. Appellant.
 No. 94-2656.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 9, 1995.
Filed: Feb. 23, 1995.
 
 Before LOKEN, Circuit Judge, GODBOLD,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM:
 
 
 1
 The appellant was convicted[1] on multiple counts of wire and mail fraud arising from a series of large loan transactions in which several of the victims were elderly persons and one victim a church. The evidence of guilt was overwhelming.
 
 
 2
 There was no error in the method of admitting evidence of two prior convictions under Rule of Evidence 404(b). Each indictment was read to the jury and the jury was then told that the appellant had pleaded guilty to the charge. The prosecution was not required to introduce evidence of the actual acts involved in the two prior convictions. U.S. v. Serian, 895 F.2d 432, 434 (8th Cir. 1990); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988). There is no merit to the contention that the prejudice arising from the prior convictions overrode probative value; this was a matter of discretion with the court.
 
 
 3
 Some 15 days before trial the United States Attorney wrote defendant's counsel a letter setting out information that had been sent to his office tending to show that the appellant was continuing to engage in fraudulent transactions and that defense counsel was involved in one of the transactions. The appellant moved for continuance of the trial, giving as a ground that the letter had adversely affected her counsel's ability to represent her because counsel was said to be a co-conspirator in some type of criminal transaction. The district court conducted a hearing on the motion. The government told the court that its letter was consistent with its general policy of warning potential victims of fraud so that they could protect themselves. The district judge found that there was no accusation of wrongdoing against counsel in the letter but merely a recitation of facts learned by the government.
 
 
 4
 The defense raised the question of whether the transactions referred to in the letter potentially related to Rule 404(b) evidence that might be offered at trial. The government stated that none of its potential Rule 404(b) evidence related to those transactions. The district judge stated that he would hold the government to that answer during trial, and defense counsel then said "If that's the answer, then there's not a problem there." Rule 404(b) evidence submitted during the trial related to other transactions.
 
 
 5
 Denial of the continuance was not error. There was no showing of any actual conflict of interest between appellant and her attorney, nor of any presumed conflict, and no showing that the denial of a continuance affected counsel's ability to represent appellant at trial. See U.S. v. Cronic, 466 U.S. 648, 663-66 (1984).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable John C. GODBOLD, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court